JOHN A. McNALL, Appellant, *v.* ABRAHAM VEHON, Appellee.

APPEAL FROM COOK.

In an action of trespass, a plea which alleges that the defendant, as agent of the plaintiffs in execution, directed the marshal to levy on goods in the hands of another than the defendant, because they had been fraudulently sold to him by the defendant, is good, and not obnoxious to a demurrer.

THIS was an action of trespass brought to the Cook county Circuit Court, by said Abraham Vehon against the above named John A. McNall.

The declaration contains three counts.

First count for breaking and entering the plaintiff's messuage and house on the 10th day of September, 1857, and taking and carrying away certain goods and chattels which are therein described, and consist of a stock of cabinet ware.

The second and third counts of said declaration were as follows, viz.:

And also for that the said defendant on the day and year aforesaid, with force and arms, to wit, at the county aforesaid, seized, took and carried away, certain goods and chattels, to wit, one wagon, the property of the said plaintiff, of great value, to wit, of the value of five hundred dollars, then found and being in the possession of the said plaintiff, and converted and disposed of the same to his own use, etc.

And also for that the said defendant, on the day and year aforesaid, with force and arms, etc., to wit, at the county aforesaid, seized, took and carried away divers goods and chattels of the said plaintiff, of the like number, quantity, quality, description and value, as the said goods and chattels in the first count of the said declaration mentioned, then and there being found and being, and converted and disposed of the same to his own use, and other wrongs to the said plaintiff then and there did, against the peace and to the damage of the said plaintiff, of three thousand dollars, etc.

To the said counts last aforesaid, the defendant pleaded not guilty, and the special plea, which is set out in the opinion of the court.

To this plea the plaintiff demurred, and for cause of demurrer alleged that said plea amounted to the general issue.

The court sustained the said demurrer, and defendant elected to stand by his plea.

Judgment was rendered for plaintiff against defendant, for twelve hundred and eighteen dollars and thirty-five cents, and defendant appealed to this court.

The decision of the Circuit Court in sustaining the demurrer and in giving the judgment, are assigned for error.

SCATES, McALLISTER & JEWETT, for Appellant.

GOOKINS, THOMAS & ROBERTS, for Appellee.

CATON, C. J. To a declaration in trespass, *de bonis asportatis*, the defendant filed a special plea, as follows:

" And for a further plea in this behalf, as to the second and third counts in said declaration, the said defendant says *actio non*, because he says that before the time of the committing of the supposed trespasses in the said declaration mentioned, to wit, in the July term, in the year of our Lord one thousand eight hundred and fifty-seven, in the Circuit Court of the United States of America, in and for the Northern District of Illinois, before the judges thereof, in the city of Chicago, in said district, one Michael Gaffney and Patrick Gaffney, by the consideration and judgment of the said court, recovered against one Wolf Vehon the sum of thirteen hundred and forty-two dollars and fifty-five cents, which in and by the said court were then and there adjudged to the said Michael and Patrick Gaffney, for their damages which they had sustained by reason of the non-performance by the said Wolf Vehon of certain promises and undertakings then lately made by the said Wolf Vehon to the said Michael and Patrick Gaffney, besides the sum of thirty-three dollars and forty-five cents, for their costs and charges in the said suit, whereof the said defendant in the said suit was convicted, as by the record and proceedings thereof, remaining in the said court before the judges thereof, at Chicago aforesaid, more fully appears.

" And the said defendant further says, that the said judgment being in full force, and the said damages remaining unpaid and unsatisfied, the said Michael and Patrick Gaffney, on, to wit, the 9th day of September, A. D. 1857, at Chicago, sued out and prosecuted out of said Circuit Court of the United States of

America, a certain writ of *fieri facias* directed to the marshal of the said Northern District of Illinois, by which said writ the said marshal was commanded that of the goods, chattels, lands and tenements of the said Wolf Vehon, he should cause to be levied the damages and costs aforesaid, and that he should have that money before the said judges at Chicago aforesaid, in ninety days after the date thereof, to render to the said plaintiffs for their damages and costs aforesaid, and that the said marshal should have then and there the said writ, which said writ, afterwards and before the return day thereof, and before the said time when, etc., to wit, on the same day and year aforesaid, at the city of Chicago aforesaid, was delivered to the said marshal, to be executed in due form of law. And the said defendant further avers, that at the time of the issuing of the aforesaid writ of *fieri facias*, as aforesaid, and the levying of the same as hereinafter mentioned, he was the agent of the said Michael and Patrick Gaffney, in respect to the enforcement and collection of the said judgment so recovered as aforesaid by them against the said Wolf Vehon, and as such was authorized and commanded to direct the levy of the said *fieri facias* upon the property of him the said Wolf Vehon.

"And the said defendant further avers, that afterwards and before the return day of the said writ of *fieri facias*, to wit, on the ninth day of September, A. D. 1857, the said goods and chattels in the said counts in the said declaration mentioned, being the property of the said Wolf Vehon, and in the possession of the said plaintiff, to wit, at the city of Joliet, in the county of Will, in the said district, and as the property of the said Wolf Vehon, being then and there liable to be seized and taken in virtue of the said writ of *fieri facias*, the said defendant, as such agent of the said Michael and Patrick Gaffney, as aforesaid, then and there directed the said marshal to levy upon the said goods and chattels, in the said counts mentioned, so as aforesaid in the possession of the said plaintiff, and which had before then been fraudulently sold to him by said Wolf Vehon to keep the same from said Gaffney's judgment and execution aforesaid, and being so kept and possessed, and the said marshal then and there having the said writ of *fieri facias*, so issued and delivered to him as aforesaid, and before the return day thereof, did, on, to wit, the day and year in the said declaration mentioned, by virtue of the said writ, and the directions of the said defendant, as such agent as aforesaid, seize and take the said goods and chattels in the said counts mentioned, as he lawfully might, which are the said several supposed trespasses whereof the said plaintiff hath above thereof complained against him

the said defendant, and this he is ready to verify. Wherefore," etc.

To this plea the plaintiff demurred, and for cause of demurrer alleged that said plea amounted to the general issue. The court sustained the said demurrer, and defendant elected to stand by his plea.

The plea, we think, was good. It admitted a color of right in the plaintiff. It admitted that the title was in him as against the defendant in the execution, and even as to all the world, except creditors of Wolf Vehon. In order to defeat the title which the plaintiff had acquired by his purchase, it was necessary to show that the defendant was an agent of a creditor, and clothed with his authority, as to whom the sale was fraudulent and void, he had directed the goods to be seized. It was the right of the plaintiff to have these facts set forth in a special plea. Had the defendant allowed him to go to trial on the general issue, without apprising him of the special facts, by which alone his title could be defeated, he might well have supposed, that he had only to show a good title generally, and he need not have prepared himself to sustain the *bona fides* of his purchase, as to creditors. The plea was good, and the demurrer should have been overruled.

The judgment must be reversed and cause remanded, and the plaintiff permitted to reply.

*Judgment reversed.*